STATE OF NORTH CAROLINA v. FRANKLIN DELANO DENNING

No. 467A85

(Filed 6 May 1986)

1. **Automobiles and Other Vehicles § 130— sentencing under Safe Roads Act—aggravating factors—constitutional**

    The aggravating factors for driving while impaired enumerated by N.C.G.S. 20-179 are not elements of the offense and their consideration for purposes of sentencing is a function of the judge and therefore is not susceptible to constitutional challenge based upon either the Sixth Amendment right to a jury trial or Art. I, § 24 of the North Carolina Constitution. N.C.G.S. 20-138.1 (1983), N.C.G.S. 15A-928(a) (1983), N.C.G.S. 14-39(b).

2. **Automobiles and Other Vehicles § 120— driving while impaired—statute not unconstitutionally vague**

    N.C.G.S. 20-138.1(a)(2) and 20-4.01(33a) are not unconstitutionally vague.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(1) from the decision of the Court of Appeals, 76 N.C. App. 156, 332 S.E. 2d 203 (1985), affirming judgment entered by *Clark, J.*, at the 8 October 1984 session of Superior Court, BLADEN County. Heard in the Supreme Court 10 March 1986.

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery III, Special Deputy Attorney General, for the state.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant.*

MARTIN, Justice.

On 3 April 1984 defendant was convicted in District Court, Bladen County, of driving while impaired in violation of N.C.G.S. § 20-138.1 of the Safe Roads Act of 1983. He appealed to the superior court for a trial de novo and was found guilty by a jury. The trial judge, authorized by N.C.G.S. § 20-179 to impose one of five levels of punishment depending upon statutorily enumerated aggravating and mitigating factors, found one grossly aggravating factor—that defendant had a prior conviction for a similar offense within seven years—and imposed a Level Two punishment.[1]

---

1. A Level Two punishment subjects the defendant to a prison term of no less than seven days and no more than twelve months, and he may be fined up to $1,000.

Defendant appealed to the Court of Appeals, contending that for a trial judge to consider as aggravating factors separate criminal offenses or elements of the charged offense, as permitted by N.C.G.S. §§ 20-138.1 and -179, denies the defendant his constitutional right to a trial by jury. In dicta, the Court of Appeals agreed with defendant that criminal offenses for which defendant has not been tried should be alleged in a criminal pleading and considered by a jury and cannot be used to increase punishment for the original crime charged. That court held, however, that defendant lacked standing to attack these provisions because he had not been injured by them.

> [A]lthough defendant's jury trial argument might have been more successfully lodged if he had been found "guilty" in the sentencing phase of other aggravating factors, such as reckless and dangerous driving, or passing a stopped school bus, which are separate criminal offenses, and for which one accused of them should be formally charged and tried, he does not now have standing to attack those portions of the statute as he was not injured directly by them.

76 N.C. App. at 157, 332 S.E. 2d at 204.

[1]   We agree with the Court of Appeals that defendant has no standing to raise this issue regarding section 20-179, but we disavow its dicta. We hold that because the factors before the trial judge in determining sentencing are not elements of the offense, their consideration for purposes of sentencing is a function of the judge and therefore not susceptible to constitutional challenge based upon either the sixth amendment right to a jury trial or article I, section 24 of the North Carolina Constitution.

A defendant is entitled to a jury trial only as to every essential element of the crime charged. See State v. Lewis, 274 N.C. 438, 442, 164 S.E. 2d 177, 180 (1968). The three essential elements of the offense of impaired driving are (1) driving a vehicle (2) upon any public vehicular area (3) while under the influence of an impairing substance or "[a]fter having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.10 or more." N.C.G.S. § 20-138.1 (1983). The legislature deliberately separated the definition of the offense, N.C.G.S. § 20-138.1, from the statute governing sentencing, which is detailed in N.C.G.S. § 20-179.

State v. Denning

Section 20-179 delineates five levels of punishment options ranging from a fine of $100 to $1,000 and imprisonment from twenty-four hours[2] to twenty-four months, depending upon the presence or absence of specified grossly aggravating, aggravating, and mitigating factors. A finding of one or more grossly aggravating factors mandates punishment under Level One or Two; a balancing of other aggravating and mitigating factors requires the judge to select a punishment from among the three remaining levels. That the range of punishments is divided into five classes and that the trial judge determines the class of a defendant's punishment by finding certain grossly aggravating factors or by weighing other aggravating and mitigating factors signifies nothing more than the legislature's desire to establish a logical sentencing scheme.

These factors are not elements of the offense: an evidentiary finding of their presence or absence does not affect the fact that the defendant has been found to have committed the underlying crime. This is not a situation, like those requiring a special indictment charging the defendant with a previous conviction, where "the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter." N.C.G.S. § 15A-928(a) (1983). A prior conviction of impaired driving within seven years does not elevate the offense to first degree DWI; nor would a clean driving record mitigate the DWI charge to one of second degree.

Defendant's argument before us relies heavily upon cases decided under the precursor to N.C.G.S. § 20-138, in which this Court held that a prior conviction for drunken driving, second offense, was an element of the offense requiring jury determination. *See, e.g., State v. Powell*, 254 N.C. 231, 118 S.E. 2d 617 (1961); *State v. Cole*, 241 N.C. 576, 86 S.E. 2d 203 (1955). The legislature's amendments to the driving-while-impaired provisions in the Safe Roads Act, however, excised all mention of prior or subsequent convictions from section 20-138 and removed that element to section 20-179, the sentencing provision. Because of this modification,

---

2. The twenty-four-hour imprisonment minimum can be satisfied in one or more ways, including community service or suspension of driving privileges for thirty days.

we hold that prior convictions are not an element of the offense but are now merely one of several factors relating to punishment. And "[t]he Sixth Amendment never has been thought to guarantee a right to a jury determination" of "the appropriate punishment to be imposed on an individual." *Spaziano v. Florida*, 468 U.S. 447, 459, 104 S.Ct. 3154, 3162, 82 L.Ed. 2d 340, 352 (1984). It is to be noted that defendant has already been accorded his right to a jury trial on his prior conviction.

The 1983 changes in the driving-while-impaired statute are the mirror image of amendments made to the kidnapping statute, N.C.G.S. § 14-39(b), in 1979.[3] Prior to these amendments, whether a victim had been sexually assaulted, seriously injured, or released in an unsafe place determined the kidnapper's punishment: an "aggravated" kidnapping, in which one or more of these circumstances had occurred, was punishable by imprisonment for no less than twenty-five years nor more than life; a "simple" kidnapping, in which the victim, unharmed, had been safely released, was punishable by imprisonment for no more than twenty-five years and/or a fine of no more than $10,000. This Court held in *State v. Williams*, 295 N.C. 655, 249 S.E. 2d 709 (1978), that these victim-focused factors related only to matters which could be shown in mitigation of punishment and did not create separate offenses or add any additional elements to the offense of kidnapping. A procedure requiring that a defendant's sentence be determined separately from the jury's determination that the defendant has committed the substantive offense and requiring the sentencing judge to consider all aggravating and mitigating factors as well as evidence from the substantive phase "comports with both state and federal constitutional requirements," the *Williams* Court held. *Id.* at 670, 249 S.E. 2d at 719. "That the judge rather than the jury makes the crucial factual determinations upon which the ultimate sentence is based does not contravene either state or federal constitutional guarantees of a jury trial in criminal cases." *Id.*, 249 S.E. 2d at 719-20.

The 1979 amendments to the kidnapping statute effected a critical change in the statutory role of those mitigating circumstances. They were converted from being mere mitigating factors for purposes of sentencing to factors that determined whether the

---

3. These amendments were made effective 1 July 1981.

offense was to be punishable as a first degree kidnapping, a Class D felony, or as a second degree kidnapping, a Class C felony. In *State v. Jerrett*, 309 N.C. 239, 307 S.E. 2d 339 (1983), this Court held that because of these modifications, "the language of G.S. 14-39(b) states essential elements of the offense of first-degree kidnapping and does not relate to matters in mitigation of punishment." *Id.* at 261, 307 S.E. 2d at 351.

Because the current driving-while-impaired provisions are structurally analogous to the kidnapping statute in effect at the time of *Williams* rather than that in effect when *Jerrett* was issued, the opposite result obtains in the case before us: the factors listed in N.C.G.S. § 20-179 relate only to matters of punishment and do not state essential elements of the offense of driving while impaired. This comparison of the significance of recent amendments to the kidnapping and driving-while-impaired statutes supports our holding that the sentencing procedure of N.C.G.S. § 20-179, like the procedure considered in *Williams*, contravenes neither state nor federal constitutional guarantees of a jury trial in criminal cases.

Objections on sixth amendment grounds to the use of prior convictions as an aggravating factor in sentencing have also been answered by courts reviewing certain recidivist statutes.[4] A federal statute providing for increased sentences for defendants of "dangerous special offender status," 18 U.S.C. § 3575(b), provides that the court, sitting without a jury, determine whether the defendant is "dangerous" or a "special offender." The Fourth, Fifth, and Sixth Circuits have all held that this statute "does not create a new and distinct criminal charge. Rather, the dangerous special offender criteria provide for an increase in the penalty for the offense itself." *United States v. Williamson*, 567 F. 2d 610, 614 (4th Cir. 1977); *United States v. Bowdach*, 561 F. 2d 1160, *reh'g denied*, 565 F. 2d 163 (5th Cir. 1977); *United States v. Stewart*, 531 F. 2d 326 (6th Cir.), *cert. denied*, 426 U.S. 922 (1976).[5]

---

4. The North Carolina statute governing the sentencing of habitual offenders, N.C.G.S. §§ 14-7.2 to -7.5, requires that a jury consider a separate indictment charging that the defendant is an habitual felon. Sixth amendment questions concerning those provisions have therefore not arisen in cases construing them.

5. In addition, N.C.G.S. § 20-179 specifically requires the state "to prove any grossly aggravating or aggravating factor by the greater weight of the evidence."

**[2]** Defendant also argued before the Court of Appeals and before this Court that N.C.G.S. §§ 20-138.1(a)(2) and 20-4.01(33a) (defining as "relevant" "[a]ny time after the driving in which the driver still has in his body alcohol consumed before or during the driving") are unconstitutionally vague. The Court of Appeals notes, as we do, that these challenges were answered in *State v. Rose*, 312 N.C. 441, 323 S.E. 2d 339 (1984), and *State v. Howren*, 312 N.C. 454, 323 S.E. 2d 335 (1984). We reaffirm these decisions.

We hold that N.C.G.S. §§ 20-138.1 and -179 do not violate the constitutional rights of a defendant to trial by jury.

The decision of the Court of Appeals is accordingly

Modified and affirmed.

This evidentiary standard is synonymous with "preponderance of the evidence," which has passed constitutional muster with the courts in *Williamson, Bowdach,* and *Stewart,* as well as with the Seventh Circuit. *United States v. Williamson,* 567 F. 2d 610; *United States v. Bowdach,* 561 F. 2d 1160; *United States v. Stewart,* 531 F. 2d 326; *United States v. Neary,* 552 F. 2d 1184 (7th Cir.), *cert. denied,* 434 U.S. 864 (1977).