881 F.2d 1070
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Allen WELLS, Defendant-Appellant.
 No. 88-5596.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1989.
Decided July 26, 1989.
 
 James Christopher Savage for appellant.
 Richard C. Kay, Third Year Law Student (Breckinridge L. Willcox, United States Attorney; Katharine Jacobs Armentrout, Assistant United States Attorney on brief) for appellee.
 Before DONALD RUSSELL, Circuit Judge, and BUTZNER, Senior Circuit Judge, and ALEXANDER HARVEY, II, Chief Judge United States Court for the District of Maryland, sitting by designation., Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case we are asked to resolve, among other issues, whether or not the United States should be compelled to specifically perform a plea agreement entered into with the appellant, George Allen Wells. For the reasons stated below, we find that they should not be so compelled.
 
 I.
 
 2
 Appellant was arrested for shooting another man in Baltimore. At the time of his arrest, appellant, previously convicted of three violent felonies, was found to be in possession of two firearms. Accordingly, he was indicted under 18 U.S.C. Sec. 922(g) as being a felon in unlawful possession of a firearm. Aware that his previous felony convictions might lead to an enhanced sentence of fifteen years' imprisonment if convicted of the felon-in-possession charge, appellant agreed to cooperate in a government investigation of drug trafficking in the Baltimore area. In exchange for such cooperation, criminal charges were to be dropped and appellant was to be paid a stipend. The agreement was conditioned upon appellant's complete truthfulness throughout his association with the investigation.
 
 
 3
 Although appellant appeared to cooperate at first, he was less than reliable and some question arose as to his veracity. Baltimore authorities then learned that the appellant had reverted to the use of heroin, and he was again arrested. Subsequent to this arrest, appellant gave authorities information concerning a contract murder in Baltimore. At that time, he admitted that the information he had previously provided was not altogether truthful. Appellant then submitted to a polygraph test to determine if he were then providing truthful information as required under his agreement with the Government. Appellant failed the test three times, providing Baltimore officials with convincing evidence that he was again providing the Government with false information, in breach of his agreement.
 
 
 4
 As a result of this breach, the Government moved forward with the prosecution of the appellant and filed a Notice/Information of Enhanced Penalty. Appellant then moved for specific performance of the plea agreement and for suppression of physical evidence. Both motions were denied. Following a bench trial, appellant was found guilty of the felon-in-possession charge. Appellant then moved for reconsideration of the denial of his motion for specific performance as well as to set aside the Government's request for enhanced penalty. Again, both motions were denied, and appellant was sentenced to five years' imprisonment for the substantive offense and fifteen years' imprisonment pursuant to the enhancement provision of 18 U.S.C. Sec. 924(e). The district court ordered that these sentences run consecutively.
 
 II.
 
 5
 The terms of a plea agreement and a party's compliance with such terms are both issues of fact to be determined by the trial court. United States v. McIntosh, 612 F.2d 835, 837 (4th Cir.1979). As such, findings of the trial court will only be overturned upon a showing of abuse of discretion, cf. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 6
 When the contents of and/or compliance with a particular plea bargain is at issue, settled principles of contract are to be applied. Hartman v. Blankenship, 825 F.2d 26, 28-29 (4th Cir.), rh'g and rh'g en banc denied, (1987). If a defendant does not perform his obligation under the contract, then the agreement is given no force and the Government is relieved of any obligation it may have had under that agreement. United States v. Simmons, 537 F.2d 1260, 1261 (4th Cir.1976).
 
 
 7
 Here, the district court made the determination that the appellant had not performed under the agreement. Specifically, the court found that the appellant had not provided truthful information to the Government as was required under the agreement. Such a finding is well supported by the record. Accordingly, we affirm the decision of the district court not to give force to the plea agreement.
 
 III.
 
 8
 Appellant next asserts that the Government's Notice/Information of Enhanced Penalties under 18 U.S.C. Sec. 924 should be set aside for the following reasons: (1) appellant did not receive a copy of the Information prior to trial; (2) the Information does not properly cite one of his three prior felony convictions; (3) the filing of the Information was untimely; and (4) it was signed by an Assistant U.S. Attorney. The statute provides, in pertinent part:
 
 
 9
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 
 
 10
 There are no provisions promulgated under this statute for notification of defendant that he is to be subject to it.
 
 
 11
 Appellant here concedes that there is substantial case law that establishes the Government's compliance with the statute in this case. See, e.g., United States v. Greg, 803 F.2d 568 (10th Cir.1986); cert. denied, --- U.S. ----, 107 S.Ct. 1379 (1987); United States v. McCoy, 767 F.2d 395 (7th Cir.1985); United States v. Daby, 744 F.2d 1508 (11th Cir.1984); r'hg and r'hg en banc denied, cert. denied, sub nom, U.S. v. Yamanis, 471 U.S. 1100 (1985).
 
 
 12
 Further, because Section 924(e) is a sentencing provision, it triggers limited due process protections. United States v. Hawkins, 811 F.2d 210, 220 (3d Cir.1987).
 
 
 13
 The method of filing and notification did not prejudice appellant here. The indictment set forth sufficient grounds to inform the appellant as to the charges against which he must defend. The Section 924(e) Information simply alerted him to the consequences should his defense fail. We now find that the Government took adequate steps to notify the appellant of its intention to seek enhanced penalties against him and that no due process violation is then implicated. Accordingly, appellant's assignment of error here must fail.
 
 V.
 
 14
 Finally, as the Government concedes, it was error for the district court to impose separate consecutive sentences upon appellant as Section 924(e) only sanctions enhancement of a sentence under 18 U.S.C. Sec. 922(g). See, e.g., Field v. Sheriff of Wake County, N.C., 831 F.2d 530, 535 (4th Cir.1987). Thus, the consecutive sentence of five years' imprisonment with respect to the violation of 18 U.S.C. Sec. 922(g) (felon-in-possession) plus fifteen years under the enhancement provision of 18 U.S.C. Sec. 924(e) is error. We therefore remand this case for the limited purpose of re-sentencing the appellant in accordance with this opinion.
 
 
 15
 AFFIRMED IN PART REVERSED IN PART AND REMANDED.