STATE OF NORTH CAROLINA v. TALMAGE GASTON COFFEY

No. COA07-618

(Filed 18 March 2008)

**1. Sentencing— *Blakely* error—not prejudicial**

A *Blakely* error in sentencing defendant for driving while impaired was not prejudicial where there was overwhelming and uncontroverted evidence to support the aggravating factor found by the trial court that defendant was driving while his license was revoked due to a prior impaired driving offense.

**2. Motor Vehicles— driving while impaired—sufficiency of evidence**

There was sufficient evidence of driving while impaired, despite defendant's contention that he had not been the person driving, where an officer saw defendant's vehicle in motion, watched it come to a stop, did not see anyone leave the vehicle, and found defendant in the driver's seat with the seatbelt fastened. There was also testimony that defendant had been drinking at a party, that the vehicle was going 92 m.p.h. in a 45 m.p.h. zone, and that the vehicle ran off the road, as well as the officer's testimony that defendant's eyes were red and glassy and that defendant had trouble maintaining his balance as he walked.

STATE v. COFFEY

[189 N.C. App. 382 (2008)]

**3. Motor Vehicles— reckless driving—evidence sufficient**

There was sufficient evidence of reckless driving where defendant was driving while impaired and going 92 m.p.h. in a 45 m.p.h. zone.

Appeal by defendant from judgment entered 31 January 2007 by Judge Nathaniel J. Poovey in Caldwell County Superior Court. Heard in the Court of Appeals 28 November 2007.

*Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.*

*Mercedes O. Chut for defendant appellant.*

McCULLOUGH, Judge.

Defendant Talmage Gaston Coffey ("defendant") was tried before a jury at the 31 January 2007 Criminal Session of Caldwell County Superior Court after being charged with one count of driving while impaired, one count of driving while license revoked, one count of speeding 92 m.p.h. in a 45 m.p.h. zone, and one count of reckless driving to endanger.

The State's evidence tended to show the following: At approximately 12:05 a.m. on 8 September 2005, Corporal Kirby Anderson ("Corporal Anderson") of the Caldwell County Sheriff's Office observed defendant's Ford Contour speeding down a straight stretch of Connelly Springs Road, a two-lane road. Using a radar gun, Corporal Anderson determined that the vehicle was traveling 92 m.p.h. in a 45 m.p.h. zone. After passing Corporal Anderson, defendant's vehicle traveled off the shoulder of the road, slinging rocks and gravel onto the patrol car. Without losing sight of defendant's vehicle, Corporal Anderson, who was traveling in the opposite direction, turned around and began to follow defendant.

Defendant subsequently slowed down, pulled into a driveway, and stopped the vehicle. Corporal Anderson approached the vehicle and found defendant seated in the driver's seat, with his seatbelt fastened. Corporal Anderson noticed a very strong smell of alcohol coming from the car and observed defendant's eyes to be red and glassy. When asked to exit the car, defendant had trouble maintaining his balance and used the side of the car to support himself while he walked.

Defendant refused to perform field sobriety tests, and Corporal Anderson placed him under arrest. When asked to perform an intoxi-

lyzer test, defendant became very "mouthy," stating, "I'm not doing a f——— thing or signing sh—." After reviewing defendant's vehicle registration and driver's license information, Corporal Anderson determined that defendant was driving with a suspended license. At the close of the State's evidence, the defense moved to dismiss all charges. The trial court granted the motion with respect to the charge of driving while license revoked, concluding that the State had failed to produce evidence that defendant knew that his license was suspended, but denied the motion with respect to all of the other charges.

The evidence for the defense tended to show that at around 10:30 p.m. on 8 September 2005, defendant was standing in the front yard of a residence where a party was being held when a woman that he had never met approached him and asked for a ride home. The woman had walked to the residence from a nearby bar. She was crying and said that her boyfriend, who was still at the bar, had been hitting her. She begged defendant to take her to her house so that she could gather her belongings and get away from her abusive boyfriend.

Defendant testified that he told the woman that he "didn't have no [driver's] license." The woman replied that she had a driver's license, and defendant allowed her to drive his car. Defendant sat in the backseat of the car, and defendant's friend Pete sat in the front passenger's seat while the woman drove.

At the woman's request, once the group arrived at the woman's house, defendant moved to the driver's seat and kept watch for the woman's boyfriend. In the event that the woman's boyfriend arrived while the woman was in the house, defendant had agreed to try and distract him. Defendant saw the woman head towards the house, but did not see if she went inside. While defendant was sitting in the driver's seat, an officer approached and asked him to perform an intoxilyzer test. Defendant refused, as he knew that he had not been driving. No alcohol was found in defendant's vehicle.

At the close of the evidence, defendant renewed his motions to dismiss. Those motions were denied. The jury unanimously found defendant guilty of driving while impaired, speeding in excess of 80 m.p.h. in a 45 m.p.h. zone, and reckless driving. The trial court sentenced defendant to a Level I term of imprisonment of 24 months, finding two grossly aggravating factors: (1) that defendant had been convicted of a prior offense of driving while impaired within the last seven years; and (2) at the time of the current offense, defend-

ant was driving while his license was revoked due to an impaired driving revocation.

## I. Aggravated Sentence

[1] On appeal, defendant argues that the trial court's imposition of a sentence in the aggravated range was done in violation of *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, *reh'g denied*, 542 U.S. 961, 159 L. Ed. 2d 851 (2004), and his Sixth Amendment right to a trial by a jury. Specifically, defendant argues that the trial court should have submitted to the jury the aggravating factor listed in N.C. Gen. Stat. § 20-179(c)(2) (2007), which provides that at the time of the offense, defendant was driving while his licensed was revoked, as defined by N.C. Gen. Stat. § 20-28, and the revocation was an impaired driving revocation under N.C. Gen. Stat. § 20-28.2(a). N.C. Gen. Stat. § 20-179(c)(2). While we agree that the trial court erred in failing to submit this issue to the jury, we find that this error was harmless beyond a reasonable doubt.

Under the rule in *Blakely*, trial judges may not "enhance criminal sentences beyond the statutory maximum absent a jury finding of the alleged aggravating factors beyond a reasonable doubt." *State v. Blackwell*, 361 N.C. 41, 45, 638 S.E.2d 452, 455 (2006), *cert. denied*, —— U.S. ——, 167 L. Ed. 2d 1114 (2007). Although there is an exception whereby a trial court's imposition of a sentence on the basis of an admission to an aggravating factor does not violate the Sixth Amendment if "that defendant personally or through counsel admits the necessary facts," we conclude that this exception does not apply to the facts at hand. *State v. Hurt*, 361 N.C. 325, 330, 643 S.E.2d 915, 918 (2007).

Instead, we review to determine whether such error was harmless beyond a reasonable doubt. "In conducting harmless error review, we must determine from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Blackwell*, 361 N.C. at 49, 638 S.E.2d at 458 (citation omitted). Absent special exceptions set forth in N.C. Gen. Stat. § 20-19(d) and (e), when a license is revoked due to an impaired driving conviction, the period of revocation is one year. N.C. Gen. Stat. § 20-19(c1) (2005).[1] However, that period of revoca-

---

1. N.C. Gen. Stat. § 20-19(d) and (e) have recently been amended. Such amendments, however, apply only to offenses committed on or after 1 December 2007 and do not alter our analysis.

tion is extended indefinitely until the Division of Motor Vehicles receives certification that the driver has completed an alcohol and drug education traffic school or a substance abuse treatment program. N.C. Gen. Stat. § 20-17.6(b),(c) (2007).[2]

Here, defendant's driving record, which was admitted as evidence by the State, shows that defendant's driver's license was indefinitely revoked due to his 31 October 2001 impaired driving conviction and that such license had not been reinstated. Defendant did not dispute the accuracy of his driving record. Moreover, defendant's counsel conceded at trial that defendant's license had been revoked and that defendant had not yet had his license reinstated. Defendant testified that he had knowledge that his license was revoked, as he stated that one of the reasons defendant had the woman drive his car was because "[he] didn't have no license." We conclude that there was overwhelming and uncontroverted evidence that at the time of the offense, defendant was driving while his license was revoked and that such revocation was an impaired driving revocation. If the instant case were remanded to the trial court for a jury determination of the aggravating factor at issue, there can be no serious question that the State would offer identical evidence in support of that aggravator. Accordingly, we conclude that the *Blakely* error that occurred at defendant's trial was harmless beyond a reasonable doubt.

## II. Motion to Dismiss

Next on appeal, defendant contends that the trial court erred by denying defendant's motion to dismiss the charges of driving while impaired and reckless driving to endanger. Because we find substantial evidence of both offenses, we disagree.

In ruling on a motion to dismiss, the trial judge must consider the evidence in the light most favorable to the State, allowing every reasonable inference to be drawn therefrom. *State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992). The Court must find that there is substantial evidence of each element of the crime charged and of defendant's perpetration of such crime. *Id.* "Substantial evidence is

---

2. At trial, defendant argued, under the principles articulated in *Ennis v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 612, 615-16, 184 S.E.2d 246, 248 (1971), that once the one-year period of revocation for defendant's driver's license had expired, defendant was merely guilty of driving without a valid operator's license rather than driving while his license was revoked. We note that *Ennis v. Garrett* was decided prior to the enactment of N.C. Gen. Stat. § 20-17.6(b). N.C. Gen. Stat. § 20-17.6(b) effectively extends the period of revocation due to an impaired driving conviction from the former one-year maximum period to a now indefinite period of time.

relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.*

## A. Driving While Impaired

[2] N.C. Gen. Stat. § 20-138.1(a) provides, in pertinent part, that "[a] person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State . . . while under the influence of an impairing substance[.]" N.C. Gen. Stat. § 20-138.1(a)(1) (2007). Our Supreme Court has held that "the '[f]act that a motorist has been drinking, when considered in connection with faulty driving . . . or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show a violation of G.S. 20-138.' " *Atkins v. Moye*, 277 N.C. 179, 185, 176 S.E.2d 789, 794 (1970) (quoting *State v. Hewitt*, 263 N.C. 759, 764, 140 S.E.2d 241, 244 (1965)).

Here, Corporal Anderson testified that he saw defendant's vehicle in motion, watched the vehicle come to a stop, did not see any person leave the vehicle, and found defendant, with seatbelt fastened, seated in the driver's seat. Taking this evidence in the light most favorable to the State, there is substantial evidence that defendant was the driver of the Ford Contour. Both defendant and defendant's friend Cathy testified that defendant was drinking at the party. Likewise, the State's evidence that the vehicle was traveling at a speed of 92 m.p.h. in a 45 m.p.h. zone and that the vehicle ran off the road demonstrates that defendant's vehicle was driven in a faulty manner. Moreover, the State presented evidence of physical impairment, as Corporal Anderson testified that defendant's eyes were red and glassy and that defendant had trouble maintaining his balance as he walked. Accordingly, we conclude that there was substantial evidence that defendant committed the offense of driving while impaired. This assignment of error is overruled.

## B. Reckless Driving to Endanger

[3] N.C. Gen. Stat. § 20-140(b) (2007) provides, "Any person who drives any vehicle upon a highway or any public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving." Here, the State presented evidence that defendant drove his vehicle while impaired and traveled 92 m.p.h. in 45 m.p.h. zone. This evidence is sufficient for a jury determination as to whether defendant was guilty of reckless driving to endanger. *See State v. Floyd*, 15 N.C. App. 438, 440, 190 S.E.2d 353, 354, *cert. denied,*

281 N.C. 760, 191 S.E.2d 363 (1972) (holding that the State's evidence that a defendant drove his vehicle 60 to 70 m.p.h. in a 45 m.p.h. zone combined with the vehicle's sudden "fishtailing" was sufficient for a jury determination as to whether the defendant was guilty of reckless driving). Accordingly, this assignment of error is overruled.

For the foregoing reasons, we conclude that there has been no prejudicial error.

No prejudicial error.

Judges STEELMAN and GEER concur.