INMAN, Judge.
Defendant appeals the judgment entered after a jury convicted him of driving while impaired ("DWI"). On appeal, defendant argues that there was insufficient evidence to support the two grossly aggravating factors found by the trial court and that the trial court erred by failing to submit the second grossly aggravating factor to the jury in violation of Blakely v. Washington,542 U.S. 296, 159 L.Ed.2d 403 (2004). After careful review, we agree and vacate defendant's sentence and remand for resentencing.
Factual and Procedural Background
On 25 June 2014, a jury convicted defendant of DWI. After the jury returned its verdict, the trial court moved directly to sentencing. The State informed the trial court that it had served notice of sentencing factors on defendant, and also said "[a] copy of that should be contained in the court file but I have got a copy if you need to see that." The notice is included in the record on appeal. However, as noted in a statement included in the record on appeal, the State failed to file the notice of sentencing factors in the trial court, and it was not included in the trial court record.
The unfiled notice, a preprinted form, indicates that the State sought two grossly aggravating factors under N.C. Gen.Stat. § 20-179(c) (2013). The State alleged grossly aggravating factor 1a, that defendant "has been convicted of a prior offense involving impaired driving which conviction occurred within seven (7) years before the date of this offense," and grossly aggravating factor 1g, that defendant "drove, at the time of the current offense, while the defendant's driver's license was revoked ... and the revocation was an impaired driving revocation under G.S. 20-28.2(a). The prosecutor did not read the notice to the trial court or submit it to the court for review. With respect to factor 1g, the prosecutor said "at the time of the driving the defendant's license was revoked-that prior conviction." The State did not provide any documentation of these allegations nor did it indicate that it was reading from an official record. The trial court then asked defense counsel: "Any sentencing factors that you would like offer [sic] or respond to from the State [?]" Defense counsel requested the trial court "take note of the mitigating factor that [defendant] was driving lawfully and safely at the time [of his recent offense]."
Neither factor was submitted to the jury; instead, the trial judge found both grossly aggravating factors under section 20-179(c) and also found the mitigating factor, under section 20-179(e), that, at the time of the offense, defendant was driving lawfully and safe except for the impairment of his faculties. Pursuant to N.C. Gen.Stat. § 20-179(c), the trial court imposed a level one punishment level based on his finding of two grossly aggravating factors and sentenced defendant to 24 months imprisonment. However, the trial court suspended the sentence and placed defendant on 24 months of supervised probation. Defendant timely appeals.
Standard of Review
Sentencing errors are preserved for appellate review even if the defendant fails to object at the sentencing hearing. State v. Jeffery,167 N.C.App. 575, 579, 605 S.E.2d 672, 674 (2004). Our standard of review of this issue is whether the sentence was supported by evidence introduced at the trial or the sentencing hearing. State v. Deese,127 N.C.App. 536, 540, 491 S.E.2d 682, 685 (1997).
Under N.C. Gen.Stat. § 20-179(c), "the judge, or the jury in superior court, must first determine whether there are any grossly aggravating factors [.]" The statute lists four different categories of grossly aggravating factors which include, in pertinent part: (1) a prior conviction for an offense involving impaired driving that occurred within seven years ("the prior offense factor"); and (2) driving while the defendant's license was revoked under section 20-28 and the revocation was an impaired driving revocation under section 20-28.2(a) ("the prior revocation factor"). The prior conviction factor is determined solely as a matter of law by the trial judge, but the prior revocation factor must be determined by a jury in superior court. Id.
Here, the State argued and the trial court found both grossly aggravating factors. However, the only evidence in support of these factors was the testimony of Officer Aaron Lemon, one of the officers who was present during defendant's stop, that defendant's driver's license was revoked at the time of the stop and the prosecutor's nonspecific and unsworn statements to the trial court that: (1) "defendant had previously been convicted of a driving while impaired offense 7 years[,]" and (2) "at the time of the driving the defendant's license was revoked-that prior conviction. This offense date occurred less than 3 months after the first conviction."
Included in the record on appeal is a warrant for defendant's arrest for driving with a revoked license on 6 December 2009, the same date that defendant was arrested for the DWI at issue. It is unclear whether defendant was ever charged or convicted of driving with a revoked license. Additionally, the record contains a form "Officer's Affidavit for Seizure and Impoundment and Magistrate's Order" issued by Officer Lemon on 6 December 2009. The form affidavit indicates that defendant's driver's license was revoked as the result of a prior impaired driving license revocation under section 20-28.2(a). However, neither of these documents was testified about at trial or admitted into evidence. Moreover, we have no way of knowing if they were included in the court file. Because our review is limited to "the evidence presented at trial and in the [sentencing] hearing," N.C. Gen.Stat. § 20-179(c), we may not consider these documents when determining the sufficiency of the evidence to support the noticed grossly aggravating factors.
"A prosecutor's mere unsworn assertion that an aggravating factor exists is insufficient proof for the trial court to find it." State v. Williams,92 N.C.App. 752, 753, 376 S.E.2d 21, 22 (1989) ; see also State v. Gordon,104 N.C.App. 455, 460, 410 S.E.2d 4, 8 (1991) (noting that "[unsworn] statements [by the prosecutor], standing alone, are insufficient to prove" the aggravating factor that the defendant had prior convictions).
In the present case, the prosecutor's statements not only fail to provide specific information about defendant's prior convictions, but they are unsupported by any documentary evidence in the trial court record. Although Officer Lemon testified that defendant's license was revoked at the time of the current DWI, there is no evidence showing that the revocation was "an impaired driving revocation under G.S. 20-28.2(a)," a required finding for that grossly aggravating factor. SeeN.C. Stat. § 20-179(c)(2). Moreover, the trial court's finding of that factor clearly conflicts with the mitigating factor found by the trial court that, other than defendant's impairment, defendant was driving lawfully at the time of the offense, a finding that would be precluded had defendant been driving while his license was revoked for any reason. In light of the clear inconsistency in the findings, the unsworn statements of the prosecutor and Officer Lemon's limited testimony that defendant's license had been revoked, without more, were insufficient to support the grossly aggravating findings.
Despite the insufficiency of the evidence, prior convictions may be proven by a stipulation of the parties. N.C. Gen.Stat. § 15A-1340.21(c)(1). "A stipulation does not require an affirmative statement and silence may be deemed assent in some circumstances, particularly if the defendant had an opportunity to object and failed to do so." State v. Wade,181 N.C.App. 295, 298, 639 S.E.2d 82, 85 (2007). When determining whether a defendant's silence, or failure to object, constituted a stipulation to a prior conviction, this Court has looked at "the dialogue between counsel and the trial court," id.at 298, 639 S.E.2d at 86, and whether the defendant was given an opportunity to look at a prior record level worksheet during discussions with the trial court, Jeffery,167 N.C.App. at 581, 605 S.E.2d at 676. In Wade,181 N.C.App. at 298, 639 S.E.2d at 86, this Court explained that because a sentencing worksheet was the "only proof submitted to the trial court" to establish the defendant's prior convictions, the "dialogue between counsel and the trial court" would determine whether the defendant stipulated to prior convictions. In analyzing the colloquy at sentencing in Wade,this Court held that the defendant's silence constituted a stipulation because "defendant had an opportunity to object and instead of doing so, began describing mitigating factors to the trial court. At no time did defendant object to any of the convictions on the worksheet." Id.at 299, 639 S.E.2d at 86.
In contrast, in Jeffery,167 N.C.App. at 580, 605 S.E.2d at 675, this Court concluded that the State failed to sufficiently prove the defendant's prior record when the only evidence of the defendant's prior record level was an "unsupported [prior record level] worksheet." While acknowledging that "a defendant can stipulate to a prior record level through a colloquy between defense counsel and the trial court," the Court found that
[s]uch a colloquy is lacking in our present case. Defense counsel makes no reference to the worksheet in his discussion with the trial court. In fact, the only mention of defendant's prior record level is the trial court's statement that defendant has "seven prior record points" and has a "prior record level three."
Id.at 581, 605 S.E.2d at 676.
The facts of record in this case are analogous to the facts in Jeffery.Neither the record nor the hearing transcript reflects that a prior record level worksheet was prepared or that defendant and his counsel were given an opportunity to review it. Consequently, unlike in Wade,there was no documentation upon which to base a colloquy or discussion about defendant's prior convictions. Furthermore, the only statement made during sentencing concerning defendant's past convictions was by the prosecutor, who alleged that "defendant had previously been convicted of a driving while impaired offense 7 years" and that "at the time of the driving the defendant's license was revoked-that prior conviction." "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a proper basis for judicial decision, and it is essential that they be assented to by the parties or those representing them." State v. Powell,254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961), overruled on other grounds by State v. Denning,316 N.C. 523, 342 S.E.2d 855 (1986).
Defendant's failure to object to the prosecutor's statements is not a "definite and certain", Powell,254 N.C. at 234, 118 S.E .2d at 619, indication that defendant had a prior conviction for an impaired driving offense that occurred within seven years of the current offense or that the current offense occurred when defendant's license was revoked under section 20-28 and the revocation was an impaired driving revocation under section 20-28.2(a). Given the nonspecific nature of these statements in addition to the absence of a worksheet or other comparable documentation upon which to base a colloquy, Jefferycontrols, and defendant's failure to object at sentencing cannot be interpreted as a stipulation.
Therefore, since the State offered no evidence of defendant's prior convictions and defendant did not stipulate to those convictions which serve as the basis for the grossly aggravating factors, defendant is entitled to a new sentencing hearing.[1]
Next, because the issue is likely to come before the trial court on remand, we address defendant's contention that the trial court's failure to submit the prior revocation factor to the jury violated Blakely v. Washington,542 U.S. 296, 159 L.Ed.2d 403, and that the error was not harmless. We agree.
In State v. Coffey,189 N.C.App. 382, 386, 658 S.E.2d 73, 76 (2008), this Court concluded that the trial court's failure to submit the prior revocation factor to the jury constituted error under Blakely.However, the Court, under its harmless error review, found that the Blakelyerror was harmless given the other evidence presented at sentencing. Id.Specifically, the State submitted in evidence the defendant's driving record showing that his driver's license was revoked due an earlier impaired driving conviction and that his license had not been reinstated at the time of his current offense. Id.
Coffeyis distinguishable because, as discussed above, the evidence of record in this case was insufficient to show that, at the time of defendant's impaired driving, his license had been revoked due to an impaired driving revocation. While Officer Lemon testified that defendant was driving with a revoked license, the officer did not testify that the revocation was due to an earlier impaired driving offense. Nor was any such evidence admitted in any form.
Defendant was sentenced as a level one offender, the highest level, based on the trial court's finding two grossly aggravating factors. Had the trial court found only one grossly aggravating factor, defendant would have been sentenced as a level two offender under section 20-179(c). Therefore, unlike Coffey,the trial court's failure to submit the prior revocation factor to the jury is not harmless. Consequently, on remand, if the State in its discretion determines to prosecute on this grossly aggravating factor, the trial court should submit the issue to a jury to determine in accordance with Blakely.
Conclusion
Based on the foregoing reasons, we vacate defendant's sentence and remand for resentencing.
VACATED AND REMANDED.
Judges STROUD and McCULLOUGH concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 25 June 2014 by Judge Arnold O. Jones, II in Pitt County Superior Court. Heard in the Court of Appeals 21 May 2015.

On remand, although not raised on appeal, the trial court should correct a clerical error on the judgment sheet. On the judgment sheet, Judge Jones checked the box indicating that defendant pled guilty to DWI whereas, in fact, defendant was found guilty by a jury.