BRYANT, Judge.
 

 *112
 
 Where the trial court enhanced a sentence based solely on a defendant's prior record of convictions, defendant's Sixth Amendment right to " reasonable notice" was not violated. Further, where the underlying facts support the trial court's conclusions of law, the trial court did not err in denying defendant's motion to suppress.
 

 On 21 June 2011, Ms. Laura Weatherspoon and her boyfriend were on vacation on Ocracoke Island, when they observed a golf cart traveling
 
 *113
 
 on the road nearby. She described the golf cart as going really fast and noted that the three passengers on the golf cart were being very loud and rocking the golf cart, causing it to sway back and forth. As the golf cart approached Weatherspoon's location, the driver suddenly made a hard U-turn, and the passenger riding on the rear of the golf cart, Clay Evans, fell off. Weatherspoon and others attempted to assist Evans, but he was rendered unconscious by the fall and died later that evening.
 

 Deputy Sheriff Scott W. Wilkerson, employed by the Hyde County Sheriff's Department, was on duty on Ocracoke Island. Deputy Wilkerson received a call to report to the scene of an accident involving a golf cart. He arrived at approximately 8:41 PM and observed an individual lying in the roadway, with a golf cart right in front of him and being attended to by a number of people. Deputy Wilkerson questioned people at the scene to determine the identity of the driver of the golf cart. Samuel Eugene Williams, Jr., defendant, responded that he was the driver.
 

 Deputy Wilkerson detected a strong odor of alcohol coming from defendant's breath. He also noted that defendant's clothes were bloody, that he was very talkative and repeated himself, stating at least nine times that he had been trying to make a U-turn. Deputy Wilkerson further observed that defendant's eyes were red and glassy and, as they spoke, defendant had to lean against the deputy's patrol car. Based on his observations of defendant, including the odor of alcohol on his breath, his repeating the same sentence over and over, his red and glassy eyes, and defendant's leaning on the patrol car, Deputy Wilkerson formed an opinion that defendant was impaired. Defendant was asked if he had been drinking, to which defendant replied that he had only had "six beers since noon." Defendant was requested to submit a breath sample into a portable breath testing device while at the scene. Defendant provided multiple breath samples, which resulted in a positive result for alcohol. Defendant was then placed under arrest and transported to the Hyde County Sheriff's Office substation on Ocracoke Island.
 

 At the Sheriff's Office, defendant was taken to the intoxolizer room and advised of his implied consent rights around 9:28 PM. Defendant spontaneously stated to Deputy Wilkerson that he had consumed three "Jager bombs" after he left the bar and prior to the accident. However, defendant refused to submit to a chemical breath test. Subsequently, troopers with the North Carolina State Highway Patrol brought in a blood test kit and, at approximately 10:27 PM, defendant signed a consent form to having his blood drawn, which was done.
 

 *422
 

 *114
 
 On 20 February 2012, a Hyde County Grand Jury indicted defendant for Driving While Impaired ("DWI"). Prior to trial, defendant filed multiple motions to suppress evidence. On 25 May 2012, defendant filed a motion to suppress that challenged the probable cause to arrest him for impaired driving.
 
 [1]
 
 Defendant's motion to suppress based on lack of probable cause to arrest was heard on 9 May 2013 during the Administrative Session of Hyde County Superior Court before the Honorable Wayland J. Sermons, Jr., Judge presiding. By order entered 23 July 2013, Judge Sermons denied defendant's motion.
 

 On 9 February 2015, the State served Notice of Grossly Aggravating and Aggravating Factors on counsel for defendant. This case came on for trial during the 16 February 2015 session of Hyde County Criminal Superior Court before the Honorable Wayland J. Sermons, Jr., Judge presiding. Defendant filed a Motion to Strike Grossly Aggravating and Aggravating Factors, which motion was denied.
 

 The jury returned verdicts of Guilty of DWI and Not Guilty of Aggravated Felony Death by Motor Vehicle. After the jury verdict but prior to sentencing, the trial court conducted a hearing on defendant's Motion to Strike. Although the trial court denied defendant's Motion to Strike, the court elected not to consider any factors in aggravation other than defendant's prior record history or submit to the jury any factors in aggravation.
 

 At sentencing, the trial court found the existence of two grossly aggravating factors,
 
 i.e.,
 
 that defendant had two or more convictions involving impaired driving, also which occurred within seven years before the date of the offense. The trial court found two factors in mitigation. Defendant was sentenced to Level One punishment with an active sentence of eighteen months in the Misdemeanant Confinement Program. Defendant gave notice of appeal in open court.
 

 _________________________
 

 *115
 
 On appeal, defendant argues that the trial court erred when it (I) denied defendant's Motion to Strike; (II) found two grossly aggravating factors; and (III) denied defendant's motion to suppress evidence obtained as a result of his DWI arrest. Because defendant's arguments (I) and (II) are primarily based on the State's alleged failure to comply with the ten-day statutory notice requirement set out in N.C. Gen.Stat. § 20-179(a1)(1), we address these arguments together.
 

 I & II
 

 Defendant first argues that the trial court erred when it denied defendant's Motion to Strike Grossly Aggravating and Aggravating Factors. Specifically, defendant contends that the State served its notice of grossly aggravating and aggravating factors on defense counsel seven days before trial-and three years after defendant was indicted-in violation of N.C. Gen.Stat. § 20-179(a1)(1). Defendant asserts that the notice provisions contained in N.C.G.S. § 20-179 were enacted as part of the Motor Vehicle Driver Protection Act of 2006, in order to protect defendant's Sixth Amendment right to notice of aggravating factors. He further argues that the State's failure to comply with the ten-day requirement violates the United States Supreme Court's holding in
 
 Blakely v. Washington,
 

 542 U.S. 296
 
 , 304,
 
 124 S.Ct. 2531
 
 , 2537,
 
 159 L.Ed.2d 403
 
 , 414 (2004) ("When a judge inflicts punishment that the jury's verdict does not allow, the jury has not found all the facts 'which the law makes essential to
 
 *423
 
 the punishment,' ... and the judge exceeds his proper authority." (internal citation omitted)).
 

 Defendant contends that, as a result of the trial court's denial of his Motion to Strike, the trial court consequently erred when it found two grossly aggravating factors, sentenced defendant to Level One punishment, and imposed an active sentence. We disagree.
 

 Statutory errors are questions of law reviewed
 
 de novo.
 

 State v. Mackey,
 

 209 N.C.App. 116
 
 , 120,
 
 708 S.E.2d 719
 
 , 721 (2011) (citations omitted). Under the
 
 de novo
 
 standard, this Court " 'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal."
 
 State v. Williams,
 

 362 N.C. 628
 
 , 632-33,
 
 669 S.E.2d 290
 
 , 294 (2008) (quoting
 
 In re Appeal of The Greens of Pine Glen Ltd. P'ship,
 

 356 N.C. 642
 
 , 647,
 
 576 S.E.2d 316
 
 , 319 (2003) ).
 

 The statute here at issue states as follows, in pertinent part:
 

 (1)
 
 Notice.
 
 -
 
 If the defendant appeals to superior court,
 
 and the State intends to use one or more aggravating
 
 *116
 
 factors under subsections (c) or (d) of this section, the State must provide the defendant with notice of its intent. The notice shall be provided no later than 10 days prior to trial and shall contain a plain and concise factual statement indicating the factor or factors it intends to use under the authority of subsections (c) and (d) of this section. The notice must list all the aggravating factors that the State seeks to establish.
 

 N.C. Gen.Stat. § 20-179(a1)(1) (2014),
 
 amended by
 

 2015 N.C. Sess. Laws 2015
 
 -264, § 38(b), eff. Dec. 1, 2015 (emphasis added) (amending subsection (c) of N.C. Gen.Stat. § 20-179 to state that the grossly aggravating factor "Driving by the defendant at the time of the offense while his driver's license was revoked" is subject to the notice provision in N.C.G.S. § 20-179(a1) ). This amendment was added subsequent to defendant's trial.
 

 With regard to defendant's statutory argument, we acknowledge the plain language of the statute, which would seem to preclude this notice provision from applying in this case. The notice provision states that it only applies to sentencing in cases where "
 
 the defendant appeals to superior court
 
 ...."
 
 See
 
 id.
 

 (emphasis added). The record clearly indicates that defendant was indicted in superior court on the impaired driving offense, and therefore, the charge was not
 
 on appeal
 
 to the superior court.
 
 Cf.
 

 State v. Reeves,
 

 218 N.C.App. 570
 
 , 576-77,
 
 721 S.E.2d 317
 
 , 322 (2012) (remanding for resentencing where the defendant appealed to superior court after he was found guilty of DWI after jury trial in district court, and where "the State failed to provide [d]efendant with the statutorily required notice of its intention to use an aggravating factor"-that the defendant's driving was "especially reckless"-pursuant to N.C.G.S. § 20-179(a1)(1) ). Where, as here, the charge in question was not on appeal to the superior court, defendant's argument that his seven-day notice was in violation of the statute providing for ten-day notice, is overruled.
 

 We also address defendant's main argument, which is a constitutional one-that the State's failure to comply with statutory notice requirements amounts to a Sixth Amendment violation, as set forth in
 
 Blakely.
 

 The Sixth Amendment guarantees defendant the right to be informed of the charges against him and, specifically, any fact that could increase the maximum penalty beyond that for the crime charged in the indictment.
 
 See
 
 U.S. Const. amend. VI ;
 
 Blakely,
 

 542 U.S. at 301-02
 
 ,
 
 124 S.Ct. at 2536
 
 ,
 
 159 L.Ed.2d at 412
 
 ("[A]n accusation which lacks any particular fact which the
 
 *117
 
 law makes essential to the punishment is ... no accusation within the common law...." (citation and quotation marks omitted)). " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.' "
 
 Blakely,
 

 542 U.S. at 301
 
 ,
 
 124 S.Ct. at 2536
 
 ,
 
 159 L.Ed.2d at 412
 
 (quoting
 
 Apprendi v. New Jersey,
 

 530 U.S. 466
 
 , 490,
 
 120 S.Ct. 2348
 
 , 2381,
 
 147 L.Ed.2d 435
 
 , 455 (2000) ).
 

 Where, as here, the trial court enhances a sentence based solely on a defendant's
 
 *424
 
 prior record of convictions, a defendant's Sixth Amendment right to "reasonable notice" is not violated.
 
 See
 

 State v. Pace,
 
 ---N.C.App. ----, ----,
 
 770 S.E.2d 677
 
 , 683 (2015) ("We do not believe [d]efendant's Sixth Amendment right to 'reasonable notice' is violated where the State provides no prior notice that it seeks an enhanced sentence based on the fact of prior conviction.").
 
 But see
 

 State v. Keel,
 
 No. COA15-69, --- N.C.App. ----,
 
 776 S.E.2d 898
 
 ,
 
 2015 WL 4620513
 
 , at *1, *5 (N.C.Ct.App. Aug. 4, 2015) (unpublished) (remanding for new sentencing hearing following DWI conviction where the State "failed to file the notice of sentencing factors in the trial court, and it was not included in the trial court record").
 

 Here, defendant's sentence was enhanced based only on his prior convictions. Also, defendant received prior notice of the State's intent to use aggravating factors seven days prior to trial. Accordingly, defendant's argument that he was improperly sentenced because his right to constitutionally adequate notice was violated is overruled.
 

 III
 

 Lastly, defendant argues that the trial court committed plain error when it denied his motion to suppress evidence of his DWI arrest based on lack of probable cause. Defendant asserts there was no evidence to establish that the golf cart was operated in an "other than normal" fashion, that his balance, coordination, and speech were normal, and he was not requested to submit to any field sobriety test.
 
 [2]
 
 We disagree.
 

 A "pretrial motion to suppress is not sufficient to preserve for appeal the question of admissibility of [evidence]" where the defendant does not object at the time the evidence is offered at trial.
 
 See
 

 State v. Golphin,
 

 352 N.C. 364
 
 , 405,
 
 533 S.E.2d 168
 
 , 198 (2000) ("[W]e have previously stated
 
 *118
 
 that a motion
 
 in limine
 
 was not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial.... As a pretrial motion to suppress is a type of motion
 
 in limine,
 
 [defendant's] pretrial motion to suppress is not sufficient to preserve for appeal the question of the admissibility of his statement because he did not object at the time the statement was offered into evidence." (citations omitted)).
 

 Here, defendant filed a pretrial motion to suppress evidence of his arrest alleging that there was not sufficient evidence to establish probable cause for his arrest. That motion was decided after an evidentiary hearing and denied. Thereafter, the record is silent as to any further objection from defendant to the introduction of the same evidence at the trial of this case. Therefore, defendant has waived any objection to the denial of his motion to suppress, and it is not properly preserved for this Court's review.
 
 See
 

 State v. Oglesby,
 

 361 N.C. 550
 
 , 553-54,
 
 648 S.E.2d 819
 
 , 821 (2007) ;
 
 Golphin,
 

 352 N.C. at 405
 
 ,
 
 533 S.E.2d at 198
 
 . Defendant, however, attempts to cure this defect by arguing that the trial court committed plain error instead.
 

 In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.
 

 N.C. R.App. P. 10(a)(4) (2015);
 
 see also
 

 State v. Goss,
 

 361 N.C. 610
 
 , 622-23,
 
 651 S.E.2d 867
 
 , 874-75 (2007). The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of the evidence."
 
 State v. Gregory,
 

 342 N.C. 580
 
 , 584,
 
 467 S.E.2d 28
 
 , 31 (1996) (citations omitted). Under the plain error rule, defendant must establish " 'that a fundamental error occurred at trial' " and that absent the error, it is probable the jury would have
 
 *425
 
 returned a different verdict.
 
 State v. Carter,
 

 366 N.C. 496
 
 , 500,
 
 739 S.E.2d 548
 
 , 551 (2013) (quoting
 
 State v. Lawrence,
 

 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012) ).
 

 Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are exclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
 

 *119
 

 State v. Cooke,
 

 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982) (citations omitted). "The trial court's conclusions of law ... are fully reviewable on appeal."
 
 State v. Hughes,
 

 353 N.C. 200
 
 , 208,
 
 539 S.E.2d 625
 
 , 631 (2000).
 

 In determining whether probable cause is present, the North Carolina Supreme Court has stated that
 

 "[p]robable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.... To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith." ...
 

 Probable cause "deal[s] with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."
 

 State v. Bone,
 

 354 N.C. 1
 
 , 10,
 
 550 S.E.2d 482
 
 , 488 (2001) (alteration in original) (internal citation omitted) (quoting
 
 Brinegar v. United States,
 

 338 U.S. 160
 
 , 175,
 
 69 S.Ct. 1302
 
 , 1310,
 
 93 L.Ed. 1879
 
 , 1890 (1949) ).
 

 Here, the uncontested facts
 
 [3]
 
 found by the trial court in its order include that the charging officer, Deputy Wilkerson, responded to a call involving the operation of a golf cart and serious injury to an individual still in the roadway when he arrived at the scene. Defendant admitted to Deputy Wilkerson that he was the driver of the golf cart. Defendant had "very red and glassy" eyes and "a strong odor of alcohol coming from his breath." Defendant's clothes were bloody, and he was very talkative, repeating himself several times. Defendant's mannerisms were "fairly slow," and defendant placed a hand on the deputy's patrol car to maintain his balance. Defendant further stated that he had "6 beers since noon." Defendant submitted to an Alco-Sensor test, the result of which was positive for alcohol. This evidence was sufficient to provide probable cause to arrest defendant for DWI.
 

 Therefore, the trial court's findings and conclusions were such that one could reasonably conclude that defendant operated a vehicle
 
 *120
 
 on a street or public vehicular area while under the influence of an impairing substance in violation of N.C. Gen.Stat. § 20-138.1.
 
 See
 

 State v. Townsend,
 

 236 N.C.App. 456
 
 , 465,
 
 762 S.E.2d 898
 
 , 905 (2014) (holding there was sufficient probable cause for officer to arrest a defendant for driving while impaired where defendant had "bloodshot eyes and a moderate odor of alcohol about his breath," admitted to "drinking a couple of beers earlier," and two Alco-Sensor tests yielded positive results);
 
 State v. Tappe,
 

 139 N.C.App. 33
 
 , 38,
 
 533 S.E.2d 262
 
 , 265 (2000) ("[Officer's] observations of defendant, ... including his observation of defendant's vehicle crossing the center line, defendant's glassy, watery eyes, and the strong odor of alcohol on defendant's breath, provided sufficient evidence of probable cause to justify the warrantless arrest of defendant." (citations omitted)). The trial court did not commit error, plain or otherwise, in denying defendant's motion to suppress. Defendant's argument is overruled.
 

 NO ERROR.
 

 Judges DILLON and ZACHARY concur.
 

 [1]
 

 Defendant also filed a motion to suppress results of the Alco-Sensor test administered to him prior to his arrest and, on 16 July 2012, defendant filed another motion to suppress the results of an analysis of blood samples seized from him after his arrest. These motions were also heard on 9 May 2013. Judge Sermons granted defendant's motion to suppress the blood analysis, and denied defendant's motion to suppress the results of the Alco-Sensor test. On 29 July 2013, the State filed a notice of appeal to this Court from Judge Sermon's 23 July 2013 order suppressing the blood analysis. On 17 July 2014, this Court filed a published opinion that affirmed Judge Sermons's order. On 22 July 2014, the State filed petitions for writ of supersedeas and discretionary review in the North Carolina Supreme Court. The Court denied both petitions on 19 August 2014.
 
 See
 

 State v. Williams,
 

 234 N.C.App. 445
 
 ,
 
 759 S.E.2d 350
 
 ,
 
 disc. review denied,
 

 367 N.C. 528
 
 ,
 
 762 S.E.2d 201
 
 (2014).
 

 [2]
 

 Defendant also contends that the Alco-Sensor result cannot be used to establish probable cause where the State failed to produce evidence that the device used was an appropriate one and that it was used in the approved manner. Defendant's contention regarding the Alco-Sensor will not be considered where the trial court denied defendant's motion to suppress the results of the Alco-Sensor test, and defendant did not challenge that ruling on appeal.
 

 [3]
 

 Defendant does not contest that the trial court's findings of fact are supported by evidence, but only challenges its conclusions of law. Therefore, the facts found by the trial court are binding on this Court.
 
 State v. White,
 

 232 N.C.App. 296
 
 , 302-03,
 
 753 S.E.2d 698
 
 , 702 (2014) ( "[U]nchallenged findings of fact ... are binding on appeal....").