INMAN, Judge.
 

 *80
 
 When the State fails to give notice of its intent to use aggravating sentencing factors as required by
 
 N.C. Gen. Stat. § 20-179
 
 (a1)(1), the trial court's use of those factors in determining a defendant's sentencing level is reversible error.
 

 *81
 
 Defendant Brian Keith Hughes ("Defendant") appeals from a judgment finding him
 
 *320
 
 guilty of impaired driving and imposing a level one punishment based upon two grossly aggravating sentencing factors. Because the State failed to notify Defendant of its intent to seek an enhanced sentence based on those factors we vacate the judgment and remand to the trial court to resentence Defendant.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 On 2 May 2017, Brevard Police Department Officer Timothy Reinhart ("Officer Reinhart") observed Defendant's vehicle roll through a stop sign and then come to an abrupt stop when it appeared Defendant noticed the officer's patrol car. Officer Reinhart ran the vehicle's license plate, verified that Defendant's driving privileges had been suspended, and initiated a traffic stop. During this stop, Officer Reinhart and another officer performed standard field sobriety tests on Defendant. The officers concluded that Defendant had consumed a sufficient amount of alcohol to impair his mental and physical faculties and arrested him for driving while impaired.
 

 Defendant was tried for impaired driving in Transylvania County District Court. The district court found Defendant guilty, and determined that the State had proven the existence of two grossly aggravating sentencing factors: (1) that Defendant "drove, at the time of the current offense, while [his] drivers license was revoked" and (2) that Defendant had "been convicted of a prior offense involving impaired driving which conviction occurred within seven (7) years before the date of this offense." Accordingly, the district court imposed level one punishment.
 

 Defendant then appealed to the Transylvania County Superior Court. Defendant was tried by jury, and the jury returned a verdict of guilty of driving while impaired. The jury was discharged, and the superior court proceeded to a sentencing hearing. During the sentencing hearing, the State introduced evidence of Defendant's driving record over Defendant's objection that the State had failed to provide notice of its intent to seek an aggravated sentence. The superior court again imposed a level one punishment, based on the same factors applied in Defendant's district court sentencing. Defendant appeals.
 

 ANALYSIS
 

 Defendant argues that the State failed to notify him, as required by Section 20-179(a1)(1) of our General Statutes, of its intent to prove aggravating factors for sentencing in the superior court proceeding. Alleged statutory errors are questions of law and, as such, are reviewed
 
 *82
 

 de novo
 
 .
 
 State v. Mackey
 
 ,
 
 209 N.C. App 116
 
 , 120,
 
 708 S.E.2d 719
 
 , 721 (2011) (internal citations omitted). Under
 
 de novo
 
 review, the appellate court considers the matter anew and freely substitutes its own judgment for that of the lower court.
 
 Sutton v. N.C. Dep't of Labor,
 

 132 N.C. App. 387
 
 , 389,
 
 511 S.E.2d 340
 
 , 341 (1999).
 

 If the State intends to provide evidence of aggravating factors at an impaired driving sentencing hearing, it must provide notice of that intent to the defendant:
 

 If the defendant appeals to superior court, and the State intends to use one or more aggravating factors under subsections (c) or (d) of this section, the State must provide the defendant with notice of its intent. The notice shall be provided no later than 10 days prior to trial and shall contain a plain and concise factual statement indicating the factor or factors it intends to use under the authority of subsections (c) and (d) of this section. The notice must list all the aggravating factors that the State seeks to establish.
 

 N.C. Gen. Stat. § 20-179
 
 (a1)(1) (2017).
 

 Although we are aware of no binding precedent addressing the effect of the State's failure to give notice under this particular statute,
 
 [1]
 
 decisions addressing the analogous notice provision contained in our felony sentencing
 
 *321
 
 statute are instructive. The State's failure to provide notice under N.C. Gen. Stat. § 15A-1340.16(a6) renders the trial court's application of aggravated sentencing factors reversible error.
 
 See, e.g.
 
 ,
 
 State v. Crook
 
 ,
 
 247 N.C. App. 784
 
 , 798,
 
 785 S.E.2d 771
 
 , 781 (2016) (holding use of prior record level point for commission of offense while on probation improper without notice);
 
 Mackey
 
 ,
 
 209 N.C. App. at 121
 
 ,
 
 708 S.E.2d at 722
 
 (State's listing of aggravating factors and prior record level on plea offer was ineffective notice and aggravated sentencing by trial court was therefore in error). We likewise hold that the State's failure to provide notice of its intent to use aggravating factors defined in Section 20-179 prevents the trial court from considering those factors at sentencing for impaired driving.
 
 *83
 
 In this case, the State does not argue that it gave notice to Defendant prior to the superior court proceeding. Instead, it argues that Defendant was not prejudiced: that he received constructive notice of the aggravating factors because they were used at the earlier district court proceeding, and, as Defendant does not contest the existence of the aggravating factors themselves, any additional notice would not have changed the result at sentencing. We reject this argument.
 

 Allowing the State to fulfill its notice obligation under Section 20-179(a1)(1) by relying on district court proceedings would render the statute effectively meaningless. A statute must be construed, if possible, to give "meaning and effect to all of its provisions."
 
 HCA Crossroads Residential Ctrs., Inc. v. N.C. Dep't of Human Res.
 
 ,
 
 327 N.C. 573
 
 , 578,
 
 398 S.E.2d 466
 
 , 470 (1990) (citations omitted). This statute requires the State to provide notice of its intent to use aggravating factors only "
 
 [i]f the defendant appeals to superior court.
 
 "
 
 N.C. Gen. Stat. § 20-179
 
 (a1)(1) (emphasis added).
 

 The language of Section 20-179(a1)(1) requires notice of the State's intent to use aggravating sentencing factors in impaired driving cases appealed to superior court, even if evidence supporting those factors was presented in district court. It is not enough that Defendant simply be made aware of the existence of such evidence. For example, in
 
 Crook
 

 ,
 
 the State provided the defendant with a prior record level worksheet more than 30 days prior to trial.
 
 247 N.C. App. at 796
 
 ,
 
 785 S.E.2d at 780
 
 . There, as in this case, the defendant did not contest the aggravating factor itself. In fact, the defendant in
 
 Crook
 
 stipulated to his prior record level for sentencing.
 

 Id.
 

 at 797
 
 ,
 
 785 S.E.2d at 781
 
 . The defendant was aware of the aggravating factor and did not argue that additional notice would have allowed him to present a defense, but this Court held that providing the record level worksheet did not constitute notice of the State's
 
 intent
 
 to prove the existence of a prior record level point under Section 15A-1340.16(a6), our felony sentencing statute.
 

 Id.
 

 While use of sentencing factors in district court may notify a defendant of the existence of evidence supporting those factors, it does not give adequate notice of the State's intent to use those factors in a subsequent
 
 de novo
 
 proceeding, in a separate forum, potentially tried by a different prosecutor. The State must provide explicit notice of its intent to use aggravating factors in the superior court proceeding.
 

 Defendant was prejudiced by the use of grossly aggravating factors at his sentencing, because this raised the level of punishment imposed. The State's argument that proper provision of notice would not have
 
 *84
 
 changed the result at sentencing stems from a misapprehension of the error committed in this case. Error that is subject to review on appeal is not committed by parties, but by courts. The error in this case that we review for prejudice is, therefore, not the State's failure to provide notice of its intent to use aggravating sentencing factors but the trial court's use of those factors at sentencing. If the trial court had properly refused to apply factors for which statutory notice was not given, it could not have imposed level one punishment. Applying those factors prejudiced Defendant.
 

 Our prior decisions addressing the analogous notice requirement for felony sentencing are consistent with this analysis. In
 
 Crook
 
 , the defendant stipulated to his status as a prior record level II offender, of which status he was made aware 30 days prior to
 
 *322
 
 trial-notice would not have allowed him to prepare any additional defense to that aggravating factor.
 
 247 N.C. App. at 797
 
 ,
 
 785 S.E.2d at 781
 
 . In
 
 State v. Snelling
 
 , the defendant admitted to having been on probation at the time of his offenses, but this Court held that the State's failure to provide notice of its intent to use this factor at sentencing was prejudicial because it raised the defendant's prior record level.
 
 231 N.C. App. 676
 
 , 681-82,
 
 752 S.E.2d 739
 
 , 744 (2014).
 

 As there is no evidence in the record to show that the State provided Defendant with sufficient notice of its intent to use aggravating factors at sentencing, and the record does not indicate that Defendant waived his right to receive such notice, we hold that the trial court committed prejudicial error by applying these aggravating factors. Accordingly, we vacate Defendant's sentence and remand to the trial court for resentencing in accordance with this opinion.
 

 VACATED AND REMANDED.
 

 Judges STROUD and ZACHARY concur.
 

 [1]
 

 This Court is aware of, and the parties have cited, only unpublished decisions directly addressing the effect of the State's failure to provide notice under Section 20-179(a1)(1).
 
 See
 

 State v. Wilcox
 
 , No. COA16-91, --- N.C. App. ----,
 
 791 S.E.2d 665
 
 ,
 
 2016 WL 4608203
 
 , 2016 N.C. App. LEXIS 910 (Sept. 6, 2016) (unpublished);
 
 State v. Broyles
 
 , No. COA16-853, --- N.C. App. ----,
 
 797 S.E.2d 382
 
 ,
 
 2017 WL 1056309
 
 , 2017 N.C. App. LEXIS 212 (Mar. 21, 2017) (unpublished).