IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1108

Filed: 3 November 2020

Henderson County, No. 17CRS50669

STATE OF NORTH CAROLINA

v.

KAYLA SUE MCGAHA

Appeal by Defendant from judgment entered 29 March 2019 by Judge Alan Thornburg in Henderson County Superior Court. Heard in the Court of Appeals 9 September 2020.

*Attorney General Joshua H. Stein, by Associate Attorney General Jarrett W. McGowan, for the State-Appellee.*

*Charlotte Gail Blake for Defendant-Appellant.*

COLLINS, Judge.

Kayla Sue McGaha ("Defendant") appeals from judgment entered upon the trial court's finding her guilty of impaired driving. Defendant argues that the trial court erred by denying her motion to suppress evidence, denying her motion to dismiss for insufficient evidence, and finding one grossly aggravating factor and accordingly imposing a Level Two sentence. We discern no error.

## I. Procedural History

Defendant was arrested on 17 February 2017 and charged with driving while subject to an impairing substance and operating a motor vehicle with an open alcohol container. On 31 May 2018, Defendant pled guilty in district court to driving while impaired. The district court determined the State had proven beyond a reasonable doubt the grossly aggravating factor that Defendant "has been convicted of a prior offense involving impaired driving which conviction occurred within seven (7) years before the date of this offense." The district court imposed a Level Two sentence. Defendant noticed appeal to the superior court.

On 2 November 2018, Defendant filed a motion to suppress evidence in superior court. On 28 March 2019, Defendant pled not guilty to driving while impaired, waived her right to a jury trial, and requested a bench trial. Following a colloquy with Defendant, the superior court found Defendant's waiver to be made freely, voluntarily, and understandingly, and permitted the matter to be heard by the bench. The State voluntarily dismissed the open container charge. After hearing testimony and arguments on the suppression motion, the superior court denied the motion in open court and entered a corresponding written order on 5 April 2019.

At the close of the trial on 29 March 2019, the superior court found Defendant guilty of driving while impaired and found the grossly aggravating factor of a prior impaired driving conviction within seven years of the date of the offense. The

superior court imposed a Level Two sentence of 12 months in prison, suspended the sentence, and placed Defendant on 24 months' supervised probation. The superior court also ordered Defendant to abstain from consuming alcohol for 90 days, complete 240 hours of community service, and pay court costs. Defendant timely filed notice of appeal to this Court.

## II. Factual Background

The State's evidence tended to show the following: At around 10:50 p.m. on 17 February 2017, State Trooper Tony Osteen of the North Carolina Highway Patrol was on preventative patrol travelling in an unmarked patrol car in the left-hand, eastbound lane of Upward Road, a four-lane road that connects U.S. Highway 176 to Interstate 26 to Howard Gap Road in Henderson County. Upward Road contains a grass median between the two lanes going in opposite directions, as well as turn lanes for accessing roads to the left, which start and stop between the grass median.

Osteen noticed a car approaching from behind, whose driver failed to dim the car's bright lights when the car was directly behind Osteen. After pulling over to the left into one of the turn lanes to let the driver pass, Osteen got back on Upward Road behind the car and followed it. Osteen noticed that the car was "weaving inside of its lane" and "going into . . . the right eastbound lane," and that it "crossed a dotted fog line," so he continued to follow it toward the intersection at Interstate 26. Just before reaching the intersection, the car got over into the leftmost of two turn lanes

- 3 -

connecting to Interstate 26, then "jerked the wheel back and got into the lane that [the driver] had just left from and went straight through the intersection." When asked, "How would you characterize her driving?" Osteen responded, "It was definitely something that caught my eyes, somebody that could be impaired, driving erratic, weaving, unable to drive in a straight line." When they reached the next set of turn lanes, Osteen activated his lights and pulled the car over.

When Osteen approached the car to talk with the driver, whom he later identified as Defendant, he noticed an odor of alcohol coming from inside the car and asked Defendant to step out. When Defendant stepped out of the car, she staggered and smelled of alcohol. While Osteen conversed with Defendant to find out who she was, to obtain her driver's license, and to discuss why he stopped her, Osteen observed that she spoke in "slurred and mumbled speech" and had "a moderate odor of alcohol coming from her breath." When Osteen gave Defendant an Alco-Sensor test, Defendant's first blow into the device produced an error because it contained "too much moisture and was full of spit." Trooper Danny Odom, whom Osteen had called to assist, arrived at the scene and gave Defendant two Alco-Sensor tests using his portable testing device, which both produced positive results. Osteen arrested Defendant and took her to the police station, where she refused to take an intoxilyzer test.

Osteen testified that it was his opinion that Defendant "had consumed a sufficient amount of impairing substance, which was alcohol, as to appreciably impair her mental and physical faculties." Osteen based his opinion on his observations of Defendant stumbling and staggering when she got out of the car, the moderate odor of alcohol on her breath, her mumbled and slurred speech, and her erratic driving.

## III. Discussion

*A. Motion to Suppress Evidence*

Defendant first argues that the trial court erred by denying her motion to suppress evidence. The State argues that Defendant failed to properly preserve the denial of the suppression motion for appellate review. Defendant's argument has not been preserved and thus is not properly before us.

"The law in this State is now well settled that 'a trial court's evidentiary ruling on a pretrial motion [to suppress] is *not* sufficient to preserve the issue of admissibility for appeal unless a defendant renews the objection during trial.'" *State v. Hargett*, 241 N.C. App. 121, 124, 772 S.E.2d 115, 119 (2015) (quoting *State v. Oglesby*, 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007)). Where a defendant fails to object when such evidence is offered at trial, appellate review is limited to plain error. *State v. Muhammad*, 186 N.C. App. 355, 364, 651 S.E.2d 569, 576 (2007); N.C. R. App. P. 10(a)(4). Plain error review is only available "when the judicial action

questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4).

In this case, Defendant filed a motion to suppress evidence seized as a result of the stop, arguing that the officer lacked reasonable suspicion to stop her. After the trial court denied Defendant's motion but before the beginning of the trial, the State asked the trial court, "[S]ince you've already heard the evidence up to the stop[,] [w]ould it be acceptable to apply that to the trial portion here?" Defense counsel stated he "would have no issue just proceeding from here," and the trial court announced it would "incorporate that testimony into the trial testimony and consider that for purposes of the trial." Defendant did not object to the trial court's ruling and made no objections at trial. Thus, Defendant did not properly preserve the denial of her motion to suppress for review on appeal. *See Hargett*, 241 N.C. App. at 124, 772 S.E.2d at 119. Further, because Defendant does not argue plain error on appeal, we do not review the denial of the motion for plain error. *See* N.C. R. App. P. 10(a)(4). Defendant's argument is dismissed.

*B. Motion to Dismiss for Insufficient Evidence*

Defendant next argues that the trial court erred by denying her motion to dismiss based on insufficient evidence of the offense of driving while impaired.

This Court reviews a trial court's denial of a motion to dismiss for insufficient evidence de novo. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

Denial of a motion to dismiss in a criminal trial is proper if there is substantial evidence of the essential elements of the offense and that the defendant was the perpetrator. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted). "In reviewing challenges to the sufficiency of the evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *Fritsch*, 351 N.C. at 378-79, 526 S.E.2d at 455 (citation omitted); *see State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (appellate court must resolve any contradictions in the State's favor).

"A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State . . . [w]hile under the influence of an impairing substance . . . ." N.C. Gen. Stat. § 20-138.1(a)(1) (2019). "The opinion of a law enforcement officer . . . has consistently been held sufficient evidence of impairment, provided that it is not solely based on the odor of alcohol." *State v. Mark*, 154 N.C. App. 341, 346, 571 S.E.2d 867, 871 (2002) (citations omitted). Additionally, a defendant's refusal to submit to an intoxilyzer test is admissible as substantive evidence of impairment. *See* N.C. Gen. Stat. § 20-139.1(f) (2019).

Here, Osteen testified that he initially saw Defendant's car "weaving inside of its lane" and "going into . . . the right eastbound lane," and that it "crossed a dotted fog line," so he continued to follow it toward the intersection at Interstate 26. Just before reaching the intersection, Defendant's car got over into the leftmost of two turn lanes connecting to Interstate 26, then "jerked the wheel back and got into the lane that [the driver] had just left from and went straight through the intersection." Osteen thought that the driver of the car could be impaired due to the driver's "erratic" driving, weaving, and being "unable to drive in a straight line."

After Osteen pulled Defendant over and approached her car, he detected an odor of alcohol coming from inside the car. When Defendant stepped out of the car, she staggered and smelled of alcohol. While Osteen conversed with Defendant, he observed that she spoke in "slurred and mumbled speech" and had "a moderate odor of alcohol coming from her breath."

Osteen testified, "It is my opinion [Defendant] had consumed a sufficient amount of impairing substance, which was alcohol, as to appreciably impair her mental and physical faculties." Osteen further testified, "I based that on observing her stumbling, her staggering a little bit when she got out of the vehicle, moderate odor of alcohol on her breath, her mumbled and slurred speech, along with erratic driving." Because Osteen's opinion that Defendant was impaired was not based solely on the odor of alcohol, it was sufficient evidence of impairment. *See Mark*, 154 N.C.

App. at 346, 571 S.E.2d at 871. Osteen also testified that Defendant refused to submit to an intoxilyzer test at the police station, which was admissible evidence of impairment. *See* N.C. Gen. Stat. § 20-139.1(f).

Defendant argues that there is conflicting testimony about why she refused to take the intoxilyzer test at the police station, asserting that she has a heart condition that caused her to be unable to blow any more after they arrived at the police station. However, in viewing the evidence in the light most favorable to the State and giving the State the benefit of all reasonable inferences, *see Fritsch*, 351 N.C. at 378-79, 526 S.E.2d at 455, we resolve any contradiction in the State's favor, *see Rose*, 339 N.C. at 192, 451 S.E.2d at 223.

Viewed in the light most favorable to the State, the evidence was sufficient to support the conclusion that Defendant was "under the influence of an impairing substance" at the time of her arrest. N.C. Gen. Stat. § 20-138.1(a)(1). The trial court properly denied Defendant's motion to dismiss.

*C. Grossly Aggravating Factor*

Defendant finally argues that the trial court erred by finding the grossly aggravating factor of a prior driving while impaired conviction within seven years of the date of the offense, where the State failed to notify Defendant of its intent to prove the aggravating factor for sentencing purposes.

We first address the State's motion made pursuant to North Carolina Rule of Appellate Procedure 9(b)(5)(a) to supplement the record, or alternatively pursuant to Rule 9(b)(5)(b) to remand to the trial court to allow the trial court to correct the record, with a Notice of Grossly Aggravating and Aggravating Factors (DWI) form the State alleges was served on Defendant's attorney on 17 September 2018.

North Carolina Rule of Appellate Procedure 9(b)(5)(a) allows an appellee, in certain circumstances, to "supplement the record on appeal with any items that could otherwise have been included pursuant to this Rule 9." N.C. R. App. P. 9(b)(5)(a). In addition to an enumerated list of items, Rule 9 provides that the record shall contain "copies of all other papers filed and statements of all other proceedings had in the trial courts which are necessary for an understanding of all issues presented on appeal." N.C. R. App. P. 9(a)(3)(i). Rule 9(b)(5)(b) states in pertinent part: "On motion of any party or on its own initiative, the appellate court may order additional portions of a trial court record or transcript sent up and added to the record on appeal."

In this case, the State admits in its motion that the Notice of Grossly Aggravating and Aggravating Factors (DWI) form "was neither filed nor presented to the trial court." Accordingly, the form could not have been included in the record pursuant to Rule 9 and could not supplement the record on appeal pursuant to Rule 9(b)(5)(a). Additionally, as the proffered form was not part of the trial court's record

in this case, it cannot be added to the record on appeal pursuant to Rule 9(b)(5)(b). We therefore deny the State's motion and do not consider the proffered form.

"Alleged statutory errors are questions of law and, as such, are reviewed *de novo*. Under *de novo* review, the appellate court considers the matter anew and freely substitutes its own judgment for that of the lower court." *State v. Hughes*, 265 N.C. App. 80, 81-82, 827 S.E.2d 318, 320 (2019) (citations omitted).

Pursuant to N.C. Gen. Stat. § 20-179(a1)(1), "[i]f the defendant appeals to superior court, and the State intends to use one or more aggravating factors under subsections (c) or (d) of this section, the State must provide the defendant with notice of its intent." N.C. Gen. Stat. § 20-179(a1)(1) (2019). Under subsection (c) of this section, a prior conviction for an offense involving impaired driving is a grossly aggravating factor if "[t]he conviction occurred within seven years before the date of the offense for which the defendant is being sentenced." *Id.* at § 20-179(c)(1)(a). A defendant's right to notice of the State's intent to prove a prior conviction is a statutory right, not a constitutional one. *State v. Williams*, 248 N.C. App. 112, 116-17, 786 S.E.2d 419, 423-24 (2016). *See Blakely v. Washington*, 542 U.S. 296, 301 (2004) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Thus, "[a] defendant's Sixth Amendment right to 'reasonable notice'

is not violated 'where the State provides no prior notice that it seeks an enhanced sentence based on the fact of prior conviction.'" *Williams*, 248 N.C. App. at 117, 786 S.E.2d at 423-24 (citation omitted). The statutorily required notice of a prior conviction under N.C. Gen. Stat. § 20-179(a1)(1) can be waived.[1] *See, e.g., Hughes*, 265 N.C. App. at 81, 84, 827 S.E.2d at 321-22 (where the State failed to provide defendant notice of its intent to use aggravating factors under N.C. Gen. Stat. § 20-179(a1)(1), "and the record d[id] not indicate that [d]efendant waived his right to receive such notice," the trial court committed prejudicial error by applying the aggravating factors).

Here, Defendant admitted to her 2012 driving while impaired conviction when questioned on cross-examination during the trial on the merits. At sentencing, the State offered, "[Defendant] has had one prior conviction of DWI in the last seven years making her a Level II for sentencing, we believe." Defense counsel stipulated that "Defendant did have the prior DWI," but asked the court to "take into consideration everything that you heard today and everything that you heard from [Defendant] with her condition and everything like that in terms of sentencing." The court then announced, "The Court finds that grossly aggravating factor No. 1A, that the defendant has been convicted of a prior offense involving impaired driving, which

---

[1] Unlike N.C. Gen. Stat. § 15A-1340.16, our felony sentencing statute that contains an analogous notice provision, N.C. Gen. Stat. § 20-179 does not require admissions to the existence of an aggravating factor to be consistent with N.C. Gen. Stat. § 15A-1022.1, which requires the trial court to address the defendant personally regarding an admission.

conviction occurred within seven years before the date of this offense. Therefore, the defendant is a Level II for punishment with one grossly aggravating factor present." Defendant did not object.

Defendant admitted to her prior conviction, her counsel stipulated to Defendant's prior conviction, and at no time during sentencing did Defendant object to the consideration of her prior conviction as an aggravating factor in determining her punishment level for sentencing. Defendant's admission and her counsel's stipulation, coupled with Defendant's failure to object to lack of notice at the sentencing hearing, operated as a waiver of her statutory right to notice.

Defendant relies upon *Hughes*, *State v. Geisslercrain*, 233 N.C. App. 186, 756 S.E.2d 92 (2014), and *State v. Reeves*, 218 N.C. App. 570, 721 S.E.2d 317 (2012), to support her argument that Defendant's sentence should be vacated and remanded for lack of notice. However, unlike in the present case, the facts in those cases do not indicate that defendants waived notice by admitting the aggravating factor and failing to object based on a lack of notice of the State's intent to use the factor. The defendant in *Hughes* specifically objected to the lack of notice, and this Court stated that the record before it "does not indicate that Defendant waived his right to receive such notice." 265 N.C. App. at 81, 84, 827 S.E.2d at 320, 322.

The trial court did not err by finding the grossly aggravating factor of a prior driving while impaired conviction within seven years of the date of the offense and imposing a Level Two sentence. Defendant's argument is overruled.

## IV. Conclusion

The trial court did not err by denying Defendant's motion to dismiss for insufficient evidence. The trial court did not err in sentencing Defendant by finding a grossly aggravating factor based on a prior driving while impaired conviction because Defendant waived notice.

NO ERROR.

Judges STROUD and MURPHY concur.