IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-713

Filed 20 May 2026

Craven County, Nos. 17CR051465-240, 17CR053859-240, 19CR053509-240, 19CR053510-240, 19CR053542-240, 19CR053543-240, 19CR053719-240, 19CR053720-240, 19CR053721-240

STATE OF NORTH CAROLINA

v.

DIANTE SMITH, Defendant.


Appeal by Defendant from judgment entered 20 December 2024 by Judge Clint Rowe in Craven County Superior Court. Heard in the Court of Appeals 13 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Dorian Woolaston, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellant Defender Katy Dickinson-Schultz, for Defendant-Appellant.*


CARPENTER, Judge.


Diante Smith ("Defendant") appeals after the trial court revoked his probation and activated his sentence. On appeal, Defendant files a petition for writ of certiorari ("PWC") and argues that the trial court erred by: (1) extending Defendant's probation; and (2) revoking Defendant's probation without jurisdiction. After careful review, we grant Defendant's PWC and vacate the judgment revoking his probation and activating his sentence.

## I.    Factual & Procedural Background

On 5 January 2018, a grand jury in Craven County Superior Court indicted Defendant on twenty-two counts. On 19 November 2020, Defendant submitted an *Alford* plea on sixteen of those counts: one count of assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), one count of extortion, three counts of larceny of a firearm, three counts of breaking or entering a motor vehicle, five counts of felony larceny, one count of felony breaking or entering, one count of possession of a stolen firearm, and one count of larceny of a firearm. In his plea, Defendant stipulated to restitution. The trial court sentenced Defendant to various terms of imprisonment for each charge, suspended the sentences for thirty-six months of supervised probation, and imposed court costs for each count. Evidence from the violation reports and hearings tended to show the following.

On 17 December 2021, the State filed a probation violation report, stating that Defendant had made no payments toward his supervision fees and was $130 in arrears. On 18 April 2022, at a hearing, the State asked to extend the probation by twenty-four months to reset the payment plan for Defendant's restitution. Defendant's counsel agreed with the State and said that he thought "this order [would] set it up so that any payments made [would] go towards restitution." The trial court waived probation supervision fees, ordered Defendant to find gainful employment, and extended Defendant's probation by twenty-four months. The trial court did not explicitly state that it found good cause under section 15A-1344(d) at

the hearing or in the written order. The written order also did not specify that the trial court extended the probation under section 15A-1342(a).

In 2022, the State filed two more probation violation reports. On 21 June 2022, the State asserted that Defendant had tested positive for marijuana, methamphetamines, and amphetamines. On 21 October 2022, the State claimed that Defendant had failed to provide proof of employment and missed one payment toward court costs. Later, the trial court modified Defendant's probation, ordering him to pay $200 per month in restitution "on each case that has restitution," striking many court costs, and waiving supervision fees.

In 2024, the State filed three additional violation reports. The reports stated that Defendant violated several other conditions of his probation by: not obtaining employment, not reporting for an office appointment, moving to a new address without prior approval, refusing to provide the new address, not being in compliance, and absconding. During the probation revocation hearing, Defendant denied absconding.

On 20 December 2024, the trial court revoked Defendant's probation and activated his sentence. In the judgment form, the trial court stated that Defendant had waived a violation hearing and admitted to violating his probation conditions. On 8 January 2025, Defendant filed a handwritten, deficient notice of appeal.

## II.    Jurisdiction

As an initial matter, we must determine whether we have jurisdiction to

review Defendant's appeal. Defendant requests that this Court grant his PWC.

## A. Untimely Appeal

Rule 4(a) states that "[a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by . . . filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties" within fourteen days of the judgment. N.C. R. App. P. 4(a) (2025). "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005) (citation omitted). In other words, "compliance with the requirements of Rule 4(a)(2) is jurisdictional and cannot simply be ignored by this Court." *Id.* at 638, 615 S.E.2d at 320 (citation omitted).

Here, Defendant failed to timely file his notice of appeal. *See* N.C. R. App. P. 4(a). Defendant filed a handwritten notice on 8 January 2023—eighteen days after the revocation of his probation. Because Rule 4(a) requires filing a notice of appeal within fourteen days, Defendant's was not timely. *See id.* Defendant's notice of appeal, therefore, failed to confer appellate jurisdiction. *See McCoy*, 171 N.C. App. at 638, 615 S.E.2d at 320.

## B. PWC

Although Defendant may not appeal by right, this Court in its discretion may consider the matter by granting a PWC. *See* N.C. Gen. Stat. § 7A-32(c) (2025). A PWC is a "prerogative writ" that we may issue to expand our jurisdiction. *See id.*

Issuing a PWC, however, is an extraordinary measure. *See Cryan v. Nat'l Council of YMCAs*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023).

Accordingly, a petitioner must satisfy a two-factor test. *Id.* at 572, 887 S.E.2d at 851. "First, a writ of certiorari should issue only if the petitioner can show 'merit or that error was probably committed below.'" *Id.* at 572, 887 S.E.2d at 851 (quoting *State v. Ricks*, 378 N.C. 737, 741, 862 S.E.2d 835, 839 (2021)). "Second, a writ of certiorari should issue only if there are 'extraordinary circumstances' to justify it." *Id.* at 572–73, 887 S.E.2d at 851 (quoting *Moore v. Moody*, 304 N.C. 719, 720, 285 S.E.2d 811, 812 (1982)). For example, an extraordinary circumstance may be "an unwarranted extension of probation . . . ." *State v. Barton*, 295 N.C. App. 182, 187, 905 S.E.2d 230, 234 (2024).

Here, in his PWC, Defendant has met his burden in showing that an error was probably committed below and that there are extraordinary circumstances. *See Cryan*, 384 N.C. at 572–73, 887 S.E.2d at 851. The trial court probably erred by extending Defendant's probation before the final six months of his original period and by failing to check the box on its judgment form that good cause was shown. *See id.* at 572, 887 S.E.2d at 851. Defendant has also shown that this is an extraordinary circumstance because the trial court erroneously extended his probation. *See id.* at 572–73, 887 S.E.2d at 851; *Barton*, 295 N.C. App. at 187, 905 S.E.2d at 234. Accordingly, we grant Defendant's PWC.

### III.   Issues

The issues on appeal are whether the trial court erred by: (1) extending Defendant's probation; and (2) revoking Defendant's probation without jurisdiction.

## IV.   Analysis

### A. Standard of Review

" 'Alleged statutory errors are questions of law' reviewed de novo on appeal." *State v. Porter*, 282 N.C. App. 351, 352, 870 S.E.2d 148, 150 (2022) (quoting *State v. Mackey*, 209 N.C. App. 116, 120, 708 S.E.2d 719, 721 (2011)). Also, "[t]his Court reviews *de novo* the issue of whether a trial court had subject matter jurisdiction to revoke a defendant's probation." *State v. Moore*, 240 N.C. App. 461, 462, 771 S.E.2d 766, 767 (2015) (citation omitted). "Under *de novo* review, [this Court] considers the matter anew and freely substitutes its own judgment for that of the lower court." *State v. Hughes*, 265 N.C. App. 80, 82, 827 S.E.2d 318, 320 (2019) (citation omitted).

### B. Probation Extension

First, Defendant argues that the trial court erred because it did not have his consent or good cause to extend his probation in 2022. We agree.

#### 1. Consent under Section 15A-1342(a)

"[T]he court with the consent of the defendant may extend the period of probation beyond the original period . . . for the purpose of allowing the defendant to complete a program of restitution . . . ." N.C. Gen. Stat. § 15A-1342(a) (2025). The trial court can only order a "special extension" within the last six months of the

original probation period.  *Id.*  Further, the probationary judgment form must state that the probation extension is pursuant to this statute.  *Id.*

Here, the trial court was without statutory authority to extend Defendant's probation in accordance with the special extension statute.  *See id.*  The extension hearing was in April 2022—more than a year before the end of Defendant's probationary period.  *See id.*  The judgment form also did not specify that it was a special extension.  *See id.*  The trial court, therefore, lacked authority under section 15A-1342(a) to extend Defendant's probation with his consent.  *See id.*

## 2.  Good Cause under Section 15A-1344(d)

Additionally, "[a]t any time prior to the expiration or termination of the probation period . . . the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed . . . ."  N.C. Gen. Stat. § 15A-1344(d) (2025).  To do so, the trial court must: (1) find that the defendant violated a valid probation condition and (2) make an additional finding of good cause shown.  *State v. Morgan*, 372 N.C. 609, 617, 831 S.E.2d 254, 259 (2019).  A finding of good cause "cannot simply be inferred from the record."  *Id.* at 616, 831 S.E.2d 254, 259 (citation omitted).

Here, the trial court did not make a finding of good cause for the extension.  *See* N.C. Gen. Stat. § 15A-1344(d).  Indeed, the trial court did not check the box for good cause or orally announce a finding of good cause at the hearing.  Because good cause "cannot simply be inferred from the record," *see Morgan*, 372 N.C. at 616, 831

S.E.2d at 259, the trial court erred in extending Defendant's probation, *see* N.C. Gen. Stat. § 15A-1344(d).

Consequently, the trial court lacked authority under section 15A-1342(a) and did not make the requisite finding of good cause under section 15A-1344(d) to extend Defendant's probation. *See* N.C. Gen. Stat. §§ 15A-1342(a), 15A-1344(d). The trial court, therefore, erred in extending Defendant's probation. *See* N.C. Gen. Stat. §§ 15A-1342(a), 15A-1344(d).

### C. Probation Revocation

Next, Defendant contends that, because the trial court improperly extended his probation in 2022, the trial court did not have jurisdiction to revoke his probation in 2024. We agree.

A trial court can extend or modify probation at "any time prior to the expiration or termination of the probation period . . . ." N.C. Gen. Stat. § 15A-1344(d). Once the probation period expires, however, a trial court generally loses its jurisdiction over the defendant. *See State v. Camp*, 299 N.C. 524, 528, 263 S.E.2d 592, 594–95 (1980).

Here, the trial court did not maintain jurisdiction over Defendant. *See* N.C. Gen. Stat. § 15A-1344(d). As explained above, the trial court lacked statutory authority to extend Defendant's probation pursuant to section 15A-1342(a), and did not make the required finding of good cause to permit it to extend probation under section 15A-1344(d). Thus, Defendant's term of probation expired on 19 November 2023. *See Camp*, 299 N.C. at 528, 263 S.E.2d at 594–95. Accordingly, when the trial

court revoked Defendant's probation on 20 December 2024, it lacked jurisdiction to do so. *See* N.C. Gen. Stat. § 15A-1344(d). We, therefore, vacate the trial court's judgment revoking Defendant's probation and activating his sentence.

## IV. Conclusion

We grant certiorari and conclude the trial court lacked jurisdiction to revoke Defendant's probation. Accordingly, we vacate and remand for further proceedings.

VACATED AND REMANDED.

Judges ZACHARY and COLLINS concur.